## GILFORD'S PETITION.

The act of July 3, 1841, cutting off the settlement of .paupers gained prior to January 1, 1796, does not affect settlements gained subsequent to January 1, 1796.

The proviso in the act of January 1, 1796, continuing in force settlements previously gained, does not prevent a settlement being gained in the same town subsequent to the passage of that act, by the modes specified therein.

H. had a settlement in G., acquired by the statutes in force prior to January 1, 1796. Subsequent to the passage of that act, he owned property and paid taxes in the town, according to the provisions of the fourth mode of gaining a settlement under that act.—*Held*, that the act of 1841, cutting off the settlement gained prior to January 1, 1796, did not affect his subsequent residence in the town ; that he gained a settlement under the fourth mode prescribed, and that those deriving their settlement from him were chargeable upon the town.

PETITION of Gilford, for reimbursement of the amount expended by said town for the relief of Streeter Hackett and Sally Hackett, persons standing in need of relief and applying for the same, and whom the petitioners alleged to be county paupers.

It appeared that the paupers were the legitimate children of John Hackett, a foreigner, having no settlement in this State, and of Sally Hoit, who was married to the said John in March, 1817. The said Sally was the daughter of Simeon Hoit, who resided in Gilford more than one year prior to December 31, 1795, without being warned out. It appeared also that the said Simeon resided in Gilford more than four years subsequent to December 31, 1795, and during the whole of that time owned and occupied real estate in that town, of more than one hundred and fifty dollars' value, and paid all taxes assessed thereon. It appeared, further, that Simeon Hoit never had any settlement in this State except as disclosed by the above facts, and that Sally Hoit had the same settlement which her father had, deriving it from him.

The question arising upon the petition was whether the

paupers were chargeable to the county; and that question was ordered to be transferred to this court for determination.

*Bell*, for the petitioners.

*Vaughan*, for the county.

EASTMAN, J.   If the paupers in question had no settlement, derivative or otherwise, in the town of Gilford, they were a charge upon the county, and the amount claimed by the petitioners should be allowed.

It is manifest that they had no settlement of their own; and unless they had one derived from Simeon Hoit, and Simeon Hoit had one in Gilford which could be transmitted to them, they were county paupers.

Legitimate children have the settlement of their father, if any he has within this State; otherwise the settlement of their mother, if any she has, until they gain a settlement of their own.  Rev. Stat., ch. 65, sec. 1.  The father of the paupers had no settlement in this State, and their mother had none unless derived from Simeon Hoit.  She, however, was his daughter, and the paupers were his grand-children.  Ordinarily, then, the paupers having the settlement of their mother, and she the settlement of her father, would have had a settlement derived from their grandfather.

Simeon Hoit had a settlement in Gilford prior to January 1, 1796, by residing in that town one year without having been warned to depart.  *Coventry* v. *Boscawen*, 9 N. H. 227.  And were it not for the act of July 3, 1841, the provisions of which are still in force, the paupers would have been chargeable to the town of Gilford, by virtue of the settlement thus acquired, which would be transmitted to them.  That act provides that "no person shall be considered to be an inhabitant of, or to have a

settlement in any town or place in this State, so as to render said town or place liable for his or her support, unless such person has gained a settlement in such town or place in his or her own right, under or by virtue of some act of the legislature, passed since the 31st day of December, A. D. 1795, or unless such person has a settlement in some town or place in this State by deriving the same directly or through one or more persons from another, who has gained the same under and by virtue of some act passed since that day." Laws of 1841, p. 532 ; Rev. Stat., ch. 65, sec. 3.

That statute cuts off all settlements derivable from Simeon Hoit, by virtue of any settlement which he had prior to January 1, 1796 ; so that the decision of this case turns upon the question whether Simeon Hoit acquired another settlement in Gilford, subsequent to December 31, 1795, which could be taken by these paupers.

Under the act of January 1, 1796, the fourth mode of gaining a settlement was as follows: "Any person, of twenty-one years of age and upwards, having real estate of the value of one hundred and fifty dollars, or personal estate of the value of two hundred and fifty dollars in the town or district where he dwells and has his home, and shall for the term of four years pay all taxes duly assessed on his poll and the estate aforesaid, shall thereby gain a settlement in such town or district." 1 N. H. Laws 362. The substance of this provision has been in force from the date of its enactment to the present time. N. H. Laws, ed. 1830, p. 301, sec. 4 ; Rev. Stat., ch. 65, sec. 1.

By virtue of these provisions Simeon Hoit, upon the facts stated, acquired a settlement in Gilford subsequent to January 1, 1796, which was transmitted to his daughter, and to the paupers in question ; unless, as contended for by the counsel for the town, the settlement gained by him prior to that act prevented his acquiring another settlement under it. The case finds that he resided in Gilford

more than four years subsequent to December 31, 1795, and during the whole of that time owned and occupied real estate in that town of more than one hundred and fifty dollars value, and paid all taxes assessed thereon. This would clearly give him a settlement; (*Rochester* v. *Chester*, 3 N. H. 349; *Barton* v. *Wakefield*, 4 N. H. 48,) provided the settlement previously gained did not prevent his gaining another.

The concluding provision of the act of January 1, 1796, which is relied upon, is as follows : "And every legal settlement heretofore gained, or which shall be gained by force of this act, shall continue till lost or defeated by gaining a new one; and upon gaining a new settlement all former settlements shall be lost." And the position of the town is this : that Hoit, having a settlement in the town prior to the passage of the act of 1796, this concluding clause continued it in force, and confined him to that settlement until he gained one in some other town; that, not having gained one in any other town, and that which he had being cut off by the act of July, 1841, he had no settlement in any town, and was consequently a county pauper.

But we are unable to take this view of the law. It is true, that the proviso in the act of 1796 continued in force the settlement of Hoit previously acquired, and it was valid until the act of 1841. It is also true that a settlement once gained is not lost but by gaining a legal settlement in some other town in the State. *Landaff* v. *Atkinson*, 8 N. H. 532, 535. "Every settlement shall continue until a new settlement is gained in this State, and upon gaining such new settlement, any former settlement shall be lost." Rev. Stat., ch. 65, sec. 4. But neither this proviso nor this rule can prevent a person from acquiring a cumulative settlement, if we may so express it, in the same town, by various ways and at different times; and because he may have a settlement by one of the modes

prescribed by statute, he is not thereby prevented from gaining a settlement by the other modes. He may gain a settlement by residing in a town for seven successive years, and being taxed for his poll for all of the years, and paying all taxes assessed on his poll and estate during that term; or by a four years residence in a town, and owning real estate situated therein, of the value of one hundred and fifty dollars, or personal estate of the value of two hundred and fifty dollars, and paying all taxes assessed upon him and his estate during that time; or by being admitted an inhabitant by any town at any legal meeting, in the warrant for which an article for the purpose may be inserted; or by being elected and serving as a town officer for a year. And he may have a settlement by all of these modes at the same time. The gaining of a settlement in a town by one mode does not prevent it being gained by another, and the settlement gained by a third or fourth mode does not affect that already gained by a first or second. Either and all are good. It is only when a settlement is gained in *another* town, that the one already gained is lost. If a suit should be brought by one town against another for supplies furnished to a pauper, the plaintiff town would succeed, if a settlement was proved in either of the modes prescribed by the statute, unless the defendants could show that the pauper had subsequently acquired a settlement in another town.

Prior to the passage of the act of July 3, 1841, Simeon Hoit had a settlement in Gilford, acquired in two modes: one by residing in the town one year previous to 1796, without having been warned to depart, (*Coventry* v. *Boscawen*, 9 N. H. 227,) and another by residing in the town four years, and owning real estate of the value of one hundred and fifty dollars during that time, and paying all taxes assessed thereon; and if a suit had been brought against the town before 1841, for supplies furnished to these paupers, the settlement might have been proved in

either of those ways; and the subsequent action of the legislature, in cutting off the settlement gained by one of the modes, could not affect that gained by the other. If the legislature at the present time should pass an act that no settlement should be gained by a person being elected and serving as a town officer for one year, such act could not affect the settlement of such person upon the other grounds, of residence, owning property, and paying taxes, as provided by the statute; or if he had no other settlement it could not prevent his subsequently gaining one by the other modes not prohibited.

It appears to us that the position contended for by the petitioners cannot be justified by the provisions of the several statutes, nor by the reason of the case. Such a construction would make the statutes inconsistent with themselves, particularly the third and fourth sections of chapter 65 of the Revised Statutes. Our opinion, therefore, is that Simeon Hoit, having gained a settlement in Gilford by owning property and paying taxes, under the provisions of the act of January 1, 1796, which are still in force, that settlement is not affected by the act of 1841; that the paupers, having a derivative settlement from their ancestor Hoit, are chargeable upon Gilford, and not upon the county; and that, consequently, the petition for reimbursement must be denied.

*Petition denied.*